# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| DMM, LLC d/b/a RAKUYA, individually ) <br> and on behalf of all others ) <br> similarly situated, ) <br> ) <br>     *Plaintiff* ) <br> ) <br>     v. ) <br> ) <br> PUBLIC POWER, LLC ) <br> ) <br>     *Defendant* ) <br> ) | Civil Action No. _____ <br> (Removed from Superior Court, <br> Judicial District of Stamford-Norwalk) |

## **NOTICE OF REMOVAL**

Defendant Public Power, LLC ("Public Power"), by and through its undersigned counsel, pursuant to 28 U.S.C. §§ 1332(d), 1441(a), 1446, and 1453, hereby files this Notice of Removal of this action from the Superior Court, Judicial District of Stamford-Norwalk, to the United States District Court for the District of Connecticut, and states as follows:

**I.    THE PARTIES**

1.    The above-captioned matter was filed as a putative class action against Public Power in the Superior Court, Judicial District of Stamford-Norwalk, Case No. FST-CV19-6042649-S on July 2, 2019 (the "State Court Action").

2.    This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332, 1441 and 1453. By virtue of the provisions of 28 U.S.C. § 1441(a), this entire case is one that may be removed to this Court.

3.    Plaintiff DMM, LLC d/b/a Rakuya pleads in its Complaint that it is a Washington, D.C. limited liability company.

4. Defendant Public Power is a Connecticut limited liability company.

## II. PLAINTIFF'S CLASS ACTION COMPLAINT

5. A true and correct copy of Plaintiff's Summons and Complaint served on Public Power on July 3, 2019 is attached hereto as Exhibit "A."[1]

6. Plaintiff's Complaint is styled as a "Class Action Complaint" and alleges that Plaintiff brings this "class action pursuant to Sections 9-7 and 9-8 of the Practice book on behalf of itself" and a putative class "of similarly situated persons." (Compl. ¶ 58.) The purported class is defined by Plaintiff as "All Public Power customers on a variable rate plan in connection with a property located within Washington, D.C. at any time within the applicable statutes of limitations preceding the filing of this action . . . ." (the "Class"). (Compl. ¶ 58.) The Complaint asserts three claims on behalf of the purported class and alleges that the Class "meets all requirements for class certification," including "the numerosity standard," common questions of fact and law, "consistency, economy, efficiency, fairness and equity," adequate representation by Plaintiff of the Class as a member of the Class with representative claims, and the ability to provide notice to Class members. (Compl. ¶¶ 61-67).

7. The Complaint alleges that, in August 2014, Plaintiff became a Public Power electricity customer. (Compl. ¶ 34.) Plaintiff claims it was enrolled in an "introductory fixed rate [electricity] plan" in August 2014 but, after the introductory period, it was "rolled over" to a variable rate plan.[2] (Compl. ¶ 35.) Plaintiff attaches an unexecuted purported Public Power contract to its Complaint, which it asserts was the agreement that it entered into at the time of

---

[1] Plaintiff's Return of Service (dated July 3, 2019) also is contained within Exh. A.

[2] While not relevant for purposes of this Notice, Public Power notes that its records reflect that Plaintiff was always a fixed rate customer and never received a variable rate as alleged in the Complaint. Public Power further notes that the unexecuted contract attached to Plaintiff's complaint was not one Public Power entered into with Plaintiff or that governed the relationship between the parties.

enrollment (the "Agreement"); that contract states that the variable rate "will be based upon generally prevailing market prices at the Utility load zone for the applicable period." (Compl. ¶ 36.) Plaintiff alleges that, in fact, Public Power's variable rate was not based upon market prices because it did not fluctuate rigidly with the average PJM wholesale price[3]; when the wholesale price rose, so did Public Power's but, when the wholesale rate fell, Public Power's variable rate stayed the same, went up, or did not decrease in lock step with the alleged wholesale rate. (Compl. ¶¶ 41-47.)

8. Plaintiff alleges in Count I, on behalf of itself and the purported class, that Public Power breached the Agreement because the variable rates that Public Power charged for electricity were not based on "generally prevailing market prices," as stated in the Agreement. (Compl. ¶¶ 71-73.)

9. Plaintiff alleges in Count II, on behalf of itself and the purported class, that Public Power violated an implied covenant of good faith and fair dealing allegedly owed to Plaintiff and the purported class by intentionally, and in bad faith, charging variable rates that were substantially higher than, and not based on, prevailing market rates as provided in the Agreement. (Compl. ¶¶ 80-83.)

10. Plaintiff alleges in Count III, on behalf of itself and the purported class, that Public Power was unjustly enriched as a result of its alleged misconduct. (Compl. ¶¶ 91-96.)

11. Plaintiff seeks to recover monetary and injunctive relief, including compensatory damages, disgorgement, restitution, punitive damages, pre- and post-judgment interest, and attorneys' fees, costs, and expenses. (Compl. Prayer for Relief.)

---

[3] The Complaint pleads that the "market for wholesale electricity in Washington, D.C. is under the administration of an independent, not-for-profit corporation formed in accordance with the recommendations of the Federal Energy Regulatory Commission, called PJM Interconnection LLC ('PJM')." (Compl. ¶ 27.)

12. The Complaint purports to seek "[c]ertification of the proposed Class, appointment of Plaintiff as Class representative, and designation of its attorneys as Class Counsel." (Compl. Prayer for Relief.)

### III. REMOVAL IS PROPER UNDER THE CLASS ACTION FAIRNESS ACT

13. The Class Action Fairness Act ("CAFA") provides this Court with original jurisdiction of this case and permits Public Power to remove the State Court Action from Connecticut state court to this Court. CAFA provides that federal district courts shall have original jurisdiction over class actions where (1) the number of proposed class members is 100 or greater, (2) any member of the putative class of plaintiffs is a citizen of a state different from that of any defendant, and (3) the aggregate amount in controversy for all putative class members exceeds $5,000,000 (exclusive of interest and costs). 28 U.S.C. § 1332(d). A removing defendant must show a "reasonable probability" that the jurisdictional requirements are satisfied in the action. *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 58 (2d Cir. 2006). Public Power satisfies this requirement.

14. In accordance with 28 U.S.C. § 1446(a), Plaintiff's Summons and Complaint (and Return of Service), attached collectively hereto as Exhibit A, is the only process, pleading, or order served in the State Court Action on Public Power.

    A. **Class Action Within the Meaning of CAFA**

15. Plaintiff styled its Complaint as a "Class Action Complaint," naming itself as the representative of a purported class of plaintiffs and asserting compliance with Sections 9-7 and 9-8 of the Practice Book. (Compl. ¶ 58). Thus, this action is a class action within the meaning of 28 U.S.C. § 1332(d)(1)(B) and 28 U.S.C. § 1453 because it is a "civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure

authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

### B. Minimal Diversity for Purposes of CAFA

16. Minimal diversity exists within the meaning of 28 U.S.C. § 1332(d)(2)(A) because Public Power is not a citizen of the same state as Plaintiff.

17. Plaintiff asserts that it is a Washington, D.C. limited liability company. (Compl. ¶ 11.)

18. Public Power is a Connecticut limited liability company. (Compl. ¶ 12.) The citizenship of a limited liability company—like Public Power—is determined by the citizenship of its member(s). *Handelsman v. Bedford Village Assocs. Ltd. P'shp.*, 213 F.3d 48, 52 (2d Cir. 2000) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990)). Public Power's sole member is Crius Energy LLC, which is a Delaware limited liability company. Aug. 2, 2019 Decl. of Mike Stein ("Stein Decl."), ¶ 4 (attached hereto as Exh. "B"). The sole member of Crius Energy LLC, in turn, is Crius Energy Corporation, a Delaware corporation with its principal place of business in Irving, Texas. *Id*.

### C. CAFA's Amount in Controversy Requirement is Satisfied

19. Subject matter jurisdiction under CAFA for class action diversity applies only where "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." *See* 28 U.S.C. § 1332(d)(2). Pursuant to 28 U.S.C. § 1332(d)(6), "[i]n any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs."

20. Although Public Power disputes liability and denies that Plaintiff (or any putative class members) is entitled to monetary relief, based upon a fair reading of this Notice of Removal

and the Complaint as pled—including consideration of the relief sought, the class definition, and the scope and size of the proposed putative class—Plaintiff seeks damages which exceed the minimum jurisdictional amount of $5,000,000 under CAFA.

21. Plaintiff seeks relief for itself and the proposed class members in the form of compensatory damages, disgorgement, restitution, punitive damages, pre and post-judgment interest, and attorneys' fees, costs, and expenses. (Compl. Prayer for Relief.)

22. Plaintiff's Complaint provides sufficient grounds to find that the alleged total amount in controversy exceeds the statutory minimum for removal. Plaintiff alleges that the proposed class "is believed to number in the thousands of customers" and that Public Power "bilked the putative class of thousands of current and former customers, with variable rate electricity plans, out of millions of dollars." (Compl. ¶¶ 10 & 61.)

23. Nowhere in the Complaint does Plaintiff assert that the amount in controversy is less than $5,000,000 jurisdiction threshold under CAFA.

24. Further, Plaintiff's own calculations of alleged rate disparity, when combined with the number of potential Class members, surpasses the $5,000,000 threshold. *See Hart v. Rick's NY Cabaret Int'l, Inc.*, 967 F. Supp. 2d 955, 961–62 (S.D.N.Y. 2014) (amount in controversy met where class-wide aggregate was calculated by multiplying the assumed damages for named plaintiff across class members, despite the anticipated variation in damages entitlement among class members).

25. Plaintiff includes two charts in the Complaint comparing the alleged Public Power Price to the alleged Average PJM Wholesale Price for billing periods between August 17, 2017 and December 17, 2018. (Compl. ¶¶ 41 & 45.)

26. Plaintiff identifies the difference between these two prices as evidence that "Public

Power routinely charges Plaintiff and class members a variable rate for electricity that is at times as much as nearly two times higher than the underlying market rate," implying that the PJM wholesale rate is the same as or similar to the market rate. (Compl. ¶¶ 41, 45 (emphasis removed).)[4]

27. As shown in the chart below, multiplying these rates by Plaintiff's electricity usage, allows for a comparison of the alleged discrepancy in charges (dollars), which can be summed to obtain the total purported "harm" to the aggregate putative class alleged by Plaintiff.

28. The below chart lists the purported Public Power rate and PJM wholesale rate, "Public Power billed rate" and "Average PJM Wholesale Rate" respectively, as set forth in the Complaint. (Compl. ¶¶ 41, 45 (emphasis removed).) It also identifies Plaintiff's electricity usage, as attested to in the Stein Declaration, ¶ 2. *Utd. Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 305 (2d Cir. 1994) ("Where the pleadings themselves are inconclusive as to the amount in controversy . . . federal courts may look outside those pleadings to other evidence in the record.").

29. The chart reflects the calculated charges, in dollars, for Plaintiff under both rates: (1) the Public Power Charges (usage x Public Power Rate) and (2) the Calculated Wholesale Charges (usage x Average PJM Wholesale Rate).

30. The Public Power Charges total $34,799.28. The Calculated Wholesale Charges total $24,532.03. The difference between these charges—the purported discrepancy between the

---

[4] To be clear, Public Power disputes Plaintiff's reliance on the PJM wholesale rate as an apparent proxy for the market rate. Just seven days ago, the Seventh Circuit affirmed dismissal in in another action brought by Plaintiff's counsel in this case based on a strikingly similar complaint, and held that comparing an energy supplier's alleged variable rate to the PJM wholesale rate is wrong as a matter of law because the PJM wholesale price "is the price to the energy companies, not the consumer. Individual customers . . . could not go out and purchase electricity at the PJM rate, no matter their electricity supplier." *Sevugan v. Direct Energy Servs., LLC*, 2019 WL 3367674, at *4 (7th Cir. July 26, 2019). Nonetheless, Plaintiff pleads to the contrary and, thus, the threshold amount in controversy should be calculated taking the Plaintiff's allegations as true for the purposes of determining whether removal is appropriate under the statute.

Public power charges and alleged market rate charge, and thus the harm alleged by Plaintiff—totals $**10,267.25.**

| Billing End Date | Usage (kWh)[5] | Public Power billed rate | Public Power Charge ($) | Average PJM Wholesale Rate | Calculated Wholesale Charges ($) | Difference (Public Power vs. PJM) ($) |
|---|---|---|---|---|---|---|
| 8/17/2017 | 21120 | 0.1021 | 2,156.35 | 0.0577 | 1,218.62 | 937.73 |
| 9/19/2017 | 21680 | 0.1023 | 2,218.25 | 0.0527 | 1,142.54 | 1,075.71 |
| 10/18/2017 | 18640 | 0.1027 | 1,914.33 | 0.0606 | 1,129.58 | 784.75 |
| 11/16/2017 | 18160 | 0.1027 | 1,865.03 | 0.0575 | 1,044.2 | 820.83 |
| 12/16/2017 | 21200 | 0.1027 | 2,177.24 | 0.0567 | 1,202.04 | 975.20 |
| 1/19/2018 | 28400 | 0.1027 | 2,916.68 | 0.0699 | 1,985.16 | 931.52 |
| 2/16/2018 | 21280 | 0.1027 | 2,185.46 | 0.1416 | 3,013.25 | (827.79) |
| 3/19/2018 | 22160 | 0.0872 | 1,932.35 | 0.0523 | 1,158.97 | 773.38 |
| 4/18/2018 | 20880 | 0.0872 | 1,820.74 | 0.0684 | 1,428.19 | 392.55 |
| 5/17/2018 | 18480 | 0.0872 | 1,611.46 | 0.0654 | 1,208.59 | 402.87 |
| 6/19/2018 | 24160 | 0.0872 | 2,106.75 | 0.0707 | 1,708.11 | 398.64 |
| 7/19/2018 | 24720 | 0.0872 | 2,155.58 | 0.0574 | 1,418.93 | 736.65 |
| 8/17/2018 | 23600 | 0.0872 | 2,057.92 | 0.0608 | 1,434.88 | 623.04 |
| 9/19/2018 | 25360 | 0.0892 | 2,263.25 | 0.0597 | 1513.99 | 749.26 |
| 10/17/2018 | 19520 | 0.0897 | 1,750.94 | 0.0616 | 1202.43 | 548.51 |
| 11/16/2018 | 19040 | 0.0897 | 1,707.89 | 0.0635 | 1209.04 | 498.85 |
| 12/17/2018 | 21840 | 0.0897 | 1,959.05 | 0.0693 | 1513.51 | 445.54 |
| **Total** | | | 34,799.28 | | 24,532.03 | **10,267.25** |

31.     Public Power's Washington, DC variable rate customer base for the alleged class period totals approximately 5,300 customers. Stein Decl., ¶ 3.

32.     Plaintiff contends that its "claims are typical of the claims of the Class." (Compl. ¶65.) "[I]t is reasonable to calculate class damages by extrapolating from [named plaintiff's] assumed damages, and this extrapolation yields aggregate damages so far in excess of $5 million

---

[5]     *See* Stein Decl., ¶ 2.

as to make it a ***reasonable probability*** that class-wide damages will exceed the statutory threshold." *Hart*, 967 F. Supp. 2d at 961-62 (emphasis in original).

33. Plaintiff's purported damages of $10,267.25, when multiplied by Public Power's approximately 5,300 variable rate customers in Washington, DC, results in potential aggregate class-wide damages of over $54,000,000, far surpassing the threshold requirement of $5,000,000.

34. These purported damages, which Public Power disclaims for the reasons stated above, date only from August 2017 to December 2018. Thus, it is not comprehensive (and would be potentially higher) to the extent that individual class members assert overcharges occurring prior to August 2017 or after December 2018.

35. These purported damages, which Public Power disclaims for the reasons stated above, do not include the extensive costs associated with punitive and injunctive relief as Plaintiff requested, which are appropriate for inclusion in calculating the total alleged aggregate amount in controversy. *A.F.A. Tours, Inc. v. Whitchurch*, 937 F.2d 82, 87 (2d Cir. 1991) (allowing punitive damages and injunctive relief to be included in the threshold amount in controversy); *Kocienda v. U-Haul Int'l, Inc.*, 2007 WL 2572269, at *1 (D. Conn. Sept. 4, 2007) ("Where a plaintiff seeks punitive damages, such damages must be considered to the extent claimed in determining jurisdictional amount.").

36. Accordingly, under any reading of Plaintiff's Complaint, the alleged damages and/or amounts sought to be recovered and, therefore, the amount in controversy for purposes of 28 U.S.C. §§ 1332(d)(2) and 1332(d)(6), are well in excess of the required $5 million CAFA threshold. This analysis satisfies the requirement that Public Power "show that it appears to a 'reasonable probability' that the aggregate claims of the plaintiff class are in excess of $ 5 million," *Blockbuster*, 472 F.3d at 58.

### D. CAFA's Numerosity Requirement Is Met

37. With respect to numerosity, removal under CAFA is appropriate, so long as the number of all proposed class members in the aggregate is not less than 100. 28 U.S.C. § 1332(d). That requirement is easily satisfied here, based on Plaintiff's allegation that the purported class consists of "thousands of customers." (Compl. ¶¶ 10, 61.) *Blockbuster*, 472 F.3d at 57 ("[T]he complaint plainly states that there are thousands of members.").

## IV. PROCEDURAL REQUIREMENTS FOR REMOVAL

### A. The Notice of Removal is Timely

38. Plaintiff served Public Power on July 3, 2019 at Corporation Service Company, 50 Weston Street, Hartford, CT, a registered agent for Service for Public Power.

39. Pursuant to 28 U.S.C. § 1446(b) and Fed. R. Civ. P. 6(a)(1)(C), this Notice of Removal is timely because it is filed within thirty days after Plaintiff served its Summons and Complaint.

### B. Venue is Proper for Removal

40. The Superior Court, Judicial District of Stamford-Norwalk, is located within the District of Connecticut. Venue, is, therefore proper in this District pursuant to 28 USC §§ 1441(a) and 1446(a).

### C. Notice of Filing

41. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the clerk of the Superior Court, Judicial District of Stamford-Norwalk, and served upon counsel for Plaintiff.

42. Public Power has not filed a responsive pleading in the State Court Action, and no other proceedings have transpired in that action. By filing this Notice of Removal, Public Power

expressly preserves and does not waive any defenses that may be available to it. Moreover, by seeking to demonstrate that the amount in controversy (as pled) is greater than the minimum jurisdictional amount, Public Power does not concede any liability or admit that the jurisdictional amount is recoverable. Rather, Public Power specifically denies that any amount is recoverable by Plaintiff or the putative class.

43. This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11 as required by 28 U.S.C. § 1446(a).

## CONCLUSION

Wherefore, Public Power prays that this cause proceed in this Court as an action properly removed thereto pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

Dated: August 2, 2019

Respectfully submitted,

/s/ *Patrick J. McHugh*
Patrick J. McHugh (ct14072)
MHR Lewis (US) LLC
595 Summer Street
2nd Floor
Stamford, CT 06901
Telephone: (203) 244-0646
Facsimile: (203) 648-9634
pmchugh@mhr-lewis.com

Daniel S. Blynn*
VENABLE LLP
600 Massachusetts Avenue, NW
Washington, DC 20001
Telephone: (202) 344-4000
Facsimile: (202) 344-8300
dsblynn@venable.com

Ashleigh J. F. Lynn*
Meredith K. Boram*
VENABLE LLP
750 East Pratt Street, Suite 900
Baltimore, MD 21202

Telephone: (410) 244-7400
Facsimile: (410) 244-7742
ajlynn@venable.com
mkboram@venable.com

*\* Pro hac vice forthcoming*

*Attorneys for Defendant Public Power, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of August 2019, the foregoing Defendant Public Power, LLC's Notice of Removal was filed electronically. I hereby further certify that I caused to be served a copy of the foregoing Notice of Removal on the following parties by United States First Class mail, postage prepaid:

    Laurie Rubinow
    James E. Miller
    Shepherd, Finkelman, Miller & Shah, LLP
    65 Main Street
    Chester, CT 06412

    Jonathan Shub
    Kevin Laukaitis
    KOHN, SWIFT & GRAF, P.C.
    1600 Market Street, Suite 2500
    Philadelphia, PA 19103-7225

    James A. Francis
    John Soumilas
    FRANCIS & MAILMAN, P.C.
    1600 Market Street, Suite 2510
    Philadelphia, PA 19103

      /s/ *Patrick J. McHugh*
    Patrick J. McHugh (ct14072)

*An Attorney for Defendant Public Power, LLC*